NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOPHIA MARTINA, on behalf of herself and all others similarly situated, | |
| Plaintiff, | **OPINION** |
| v. | Civ. No. 12-2063 (WHW) |
| LA FITNESS INTERNATIONAL, LLC, | |
| Defendant. | |

**Walls, Senior District Judge**

This putative consumer class action concerns membership and service fees charged by Defendant LA Fitness International, LLC ("LA Fitness"), a health club based in California and operating throughout New Jersey. LA Fitness moves to dismiss Counts I and II of the Plaintiff's Amended Complaint ("Am. Compl.") under Federal Rule of Civil Procedure 12(b)(6). The Court decides the motion without oral argument under Federal Rule of Civil Procedure 78(b). The Defendant's motion to dismiss is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Sophia Martina entered into a Membership Agreement with LA Fitness in February of 2008. Am. Compl. ¶ 11. Martina paid $287.81 to join the health club. *Id.* ¶ 16. This sum included an initiation fee of $199, the first and last month's membership dues totaling $69.98, and $18.83 in sales tax. *Id.; see also* Ex. A (Membership Agreement).

1

**NOT FOR PUBLICATION**

The Membership Agreement further authorized LA Fitness to charge Martina monthly dues of $34.99 plus tax, amounting to $37.44, to a credit card or bank account until she terminated her membership. *Id.* ¶¶ 18-25; Ex. A. Termination was governed by the following provision:

> **HOW TO CANCEL YOUR MONTHLY DUES MEMBERSHIP:** You may cancel your membership (and thereby the continued billing of the monthly dues through EFT/CC) by providing written notice of your request at least thirty days prior to your billing date. Send the written notice to: L.A. Fitness, P.O. Box 54170, Irvine, CA 92619-4170. If the notice is postmarked at least 30 days prior to your next billing date, no further billing will occur. <u>If the notice is postmarked less than 30 days prior to your next billing date one or more billings will occur.</u> In either case, the last month's prepaid dues will extend your membership expiration by an additional 30 days or more, depending on your original sign up date.

Ex. A (emphasis added). On or around May 28, 2008, Martina decided to terminate her membership. Am. Compl. ¶ 45. She mailed a written notice to the California address, which was received by LA Fitness on June 26, 2008. *Id.* ¶¶ 48-50. Since the cancellation notice was not postmarked 30 days prior to the next billing date, LA Fitness charged Martina's credit card $37.44 one last time, covering her membership from June 28 through July 27, 2008. *Id.* ¶ 52. The last month's dues that Martina prepaid when she signed up extended her membership until August 27, 2008. *Id.* ¶ 54. As a result, Martina paid for two months' worth of dues at LA Fitness after she decided to terminate membership and mailed out the cancellation notice. *Id.* ¶ 79(a).

Martina brought suit in state court and the case was removed to this Court on April 5, 2012. Notice of Removal, ¶ 1. The Amended Complaint brings forth both class action claims and individual claims concerning LA Fitness's membership and fitness service fees. The Membership Agreement is the focus of Counts I and II. Count I alleges violations of the New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. Ann. 56:8-1 *et seq.*, including the Health Club

Services Act ("HCSA"), N.J. Stat. Ann. 56:8-39 to -48. Am. Compl. ¶¶74-83. Count II alleges violations of the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J. Stat. Ann. 56:12-14 to -18. Am. Compl. ¶¶ 84-88.

## STANDARD OF REVIEW

When deciding a 12(b)(6) motion to dismiss, the Court accepts as true all facts alleged in the complaint and construes the complaint in the light most favorable to the plaintiff. *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (citations omitted). Legal conclusions asserted in the complaint are disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The Court should determine whether the facts alleged are sufficient to show that the plaintiff has "'a plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "This 'plausibility' determination will be a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

### I.     The New Jersey Consumer Fraud Act

The CFA, N.J. Stat. Ann. 56:8-1 *et seq.*, provides a private cause of action to consumers who are victimized by fraudulent practices in the marketplace. *Gonzalez v. Wilshire Credit Corp.*, 25 A. 3d 1103, 1115 (N.J. Sup. Ct. 2011). To state a valid CFA claim, the consumer must allege "(1) an unlawful practice, (2) an 'ascertainable loss,' and (3) 'a causal relationship between the unlawful conduct and the ascertainable loss.'" *Id.* (quoting *Lee v. Carter-Reed Co.*, 4 A.3d 561 (N.J. Sup. Ct. 2010)). An unlawful practice under the CFA is:

> The act, use or employment by any person of any <u>unconscionable commercial practice</u>, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection

3

**NOT FOR PUBLICATION**

> with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice…

N.J. Stat. Ann. § 56:8-2 (emphasis added). The New Jersey Supreme Court has explained that unconscionability is "'an amorphous concept obviously designed to establish a broad business ethic.'" *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. Sup. Ct. 1994) (quoting *Kugler v. Romain*, 279 A.2d 640 (N.J. Sup. Ct. 1971)). What is unconscionable will necessarily be resolved by the courts on a "case-by-case basis." *Kugler*, 279 A.2d at 651. "The standard of conduct contemplated by the unconscionability clause is good faith, honesty in fact and observance of fair dealing." *Id.* at 652. "A practice can be unlawful even if no person was in fact misled or deceived thereby." *Cox*, 647 A.2d at 461. The CFA does not, and cannot, enumerate every prohibited practice. *Gonzalez*, 25 A.3d at 1115 (quotations omitted). Its broad wording should be construed liberally in favor of the consumer to facilitate the "constant expansion of consumer protection." *Id.*

The main contention here is that LA Fitness's cancellation policy—albeit clearly written on the first page of the Membership Agreement—is designed to induce an extra month's worth of membership payments. Few people will have the foresight to cancel their gym membership a full two months in advance. If the "last month's dues" are disclosed upfront, the same cannot be said for the dues charged under the cancellation policy. When construing this same provision, the District Court in *Boeynaems v. LA Fitness International* observes that if a member wished to limit her membership to two months only, she would need to cancel the membership "on the date upon which [she] has signed up." Nos. 102326, 11-2644, 2011 WL 4048512, at *21 (E.D. Pa. Sept. 12, 2011). The cancellation policy contains an extra month's cost that may catch many consumers off guard at the end of their membership. Another fact alleged by Martina suggests a

4

business practice that might fall short of good faith: members cannot terminate membership by phone, online, or even in person at the very location where they joined. Am. Compl. ¶ 79(f). In this day and age, narrowly restricting the mode of cancellation in such a manner suggests an intent to place barriers in the process.

The Court is mindful that the CFA "is aimed at more than the stereotypic con man." *Leon v. Rite Aid Corp.*, 773 A.2d 674, 679 (N.J. Super. Ct. App. Div. 2001). The purpose of the legislation was to "'promote the disclosure of relevant information to enable the consumer to make intelligent decisions…'" *Id.* (quoting *Division of Consumer Affairs v. G.E. Co.*, 582 A.2d 831 (N.J. Super. Ct. App. Div. 1990)). The consumer was not conned here, yet the cancellation policy did not promote intelligent and fully informed decision-making. If a person was deciding between two gyms, she would be better able to compare prices if an extra month's worth of membership dues were simply included in a higher initiation fee or itemized as "last two months' dues" rather than cloaked in the cancellation policy.

Martina has alleged sufficient facts for a CFA claim under N.J. Stat. Ann. § 56:8-2. The injury alleged is the amount of monthly dues collected by LA Fitness due to tardy cancellation notices as well as postage. Am. Compl. ¶¶ 82-83. Though this sum is not large, a stated purpose for adding a private cause of action to the CFA was to provide an incentive for attorneys to take on cases involving minor losses to individuals. *Weinberg v. Sprint Corp.*, 801 A.2d 281, 290 (N.J. Sup. Ct. 2002) (citations omitted); *see also Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 751-52 (N.J. Sup. Ct. 2009) (holding pre-suit demand of a refund of $20 overcharge is not necessary for CFA claim).

Martina also advances arguments under the Health Care Services Act ("HCSA"), N.J. Ann. Stat. § 56:8-39 to -48, which was enacted in 1987 to supplement the CFA. No state or

**NOT FOR PUBLICATION**

federal courts have previously interpreted the HCSA.  Since Count I survives the motion to dismiss Count I under § 56:8-2, the Court need not reach the HCSA issues at this juncture.

## II.     The Truth-in-Consumer Contract, Warranty and Notice Act

The TCCWNA, N.J. Ann. Stat. § 56:12-14 to -18, provides the following:

> No seller…shall…enter into any written consumer contract…which includes any provision that violates any <u>clearly established legal right</u> of a consumer or responsibility of a seller, … as established by State or Federal law at the time the offer is made or the consumer contract is signed…

N.J. Ann. Stat. § 56:12-15 (emphasis added). The Third Circuit recently puzzled over what "clearly established legal right" means in this statute. *McGarvey v. Penske Auto Group, Inc.,* No. 11-2085, 2012 WL 2512011, at *3 (3d Cir. July 2, 2012) (holding if alleged violation of Magnuson-Moss Warranty Act is unclear, then plaintiff does not have a TCCWNA claim). But New Jersey courts have held that a CFA violation constitutes a violation of a "clearly established legal right" for TCCWNA purposes.  *Dugan v. TGI Friday's, Inc.*, No. L-0126-10, 2011 WL 5041391, at *8 (N.J. Super. Ct. App. Div. Oct. 25, 2011) ("We conclude that Dugan has alleged sufficient facts to establish that the offer violated the CFA.  Those allegations are therefore sufficient facts to establish a potential violation of the TCCWNA."); *Bosland v. Warnock Dodge, Inc.*, 933 A.2d 942, 949 (N.J. Super. Ct. App. Div. 2007) ("a consumer contract that violates a clearly established legal right under the CFA regulations is also a violation of the TCCWNA"). Taking our cue from state precedents, the Court finds that Martina has stated a plausible cause of action under TCCWNA because Martina has alleged sufficient facts for a CFA claim. LA Fitness's motion to dismiss Count II is denied.

But the Court rejects Martina's alternate argument under the following TCCWNA provision:

6

NOT FOR PUBLICATION

> . . . No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey . . . .

N.J. Ann. Stat. 56:12-16 (emphasis added). Martina objects to a provision in the Membership Agreement stating that "[i]n no event shall this Agreement require payments or financing or extend for a period that would give rise to a retail installment contract or be greater than that permitted under the laws of the State of New Jersey." Ex. A. This clause does not resemble the type of vague statement proscribed by § 56:12-16. The language here is more specific and shows an attempt by the drafter to conform to New Jersey laws. The Membership Agreement does not violate N.J. Stat. Ann. § 56:12-16.

## CONCLUSION

Defendant LA Fitness's motion to dismiss Counts I and II of this action is denied. Plaintiff has alleged sufficient facts for a CFA claim under N.J. Stat. Ann. § 56:8-2 and for a TCCWNA claim under N.J. Stat. Ann. § 56.12-15.

September 4, 2012

/s/ **William H. Walls**

United States Senior District Judge

7