The Wolf Law Firm, LLC
1520 U.S. Hwy 130 – Suite 101
North Brunswick, NJ  08902
Tel: (732) 545-7900
Fax: (732) 545-1030

*Attorneys for Plaintiff and the putative class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Sophia Martina, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>L.A. Fitness International, LLC<br><br>Defendant. | No. 2:2012-cv-02063-WHW-MCA<br><br><br>**ORDER GRANTING UNOPPOSED PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |

**THIS MATTER** having been presented before the Honorable William H. Walls, U.S.D.J., in order for this Court to conduct a preliminary hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to provisionally certify the Settlement Classes, to address the appointment of Class Counsel and Class Representative, to provide Notice to the Settlement Classes, and to schedule a Fairness Hearing; and the Plaintiff and members of the Settlement Classes being represented by Class Counsel and Defendant being represented by their attorneys;

**AND THE COURT,** having read and considered the Settlement Agreement and other papers submitted jointly by counsel for the parties, having reviewed and considered the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement, and the declarations submitted in support of the motion, the oral arguments of counsel presented to

Page 1 of 11

the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1. This litigation was commenced by Plaintiff as a class action against Defendant in the Superior Court of New Jersey, Law Division, Middlesex County and removed to this Court by the Defendant.

2. In her class action Complaint, Plaintiff alleges that the Defendant violated the New Jersey Consumer Fraud Act (CFA) by improperly collecting membership dues pursuant to the automatic renewal provisions of Defendant's Membership Agreement, and that Defendant's form Membership Agreement and Fitness Service Agreement violated the New Jersey Truth-in-Consumer Contract, Notice, and Warranty Act (TCCWNA) by including terms contrary to the CFA and the New Jersey Health Club Services Act (HCSA).

3. Defendant has denied any and all liability alleged in the Complaint.

4. As a result of arm's-length negotiations between Class Counsel and Defendant's Counsel, Counsel for the Parties have reached a settlement that provides, among other relief, monetary relief to the members of the Settlement Classes.

5. Plaintiff, with the consent of Defendant pursuant to the terms of the Settlement Agreement, now requests preliminary approval of the Settlement and certification of the two Settlement Classes pursuant to Fed. R. Civ. P. 23(b)(3) for settlement purposes only.

6. The Court has read and considered the Settlement Agreement, the Brief and certifications submitted in support of it, the accompanying documents and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

7.  The motion for Preliminary Approval of the proposed settlement is GRANTED and the Parties are hereby ordered to comply with the schedule as set forth in this Order and to comply with the terms of the Settlement Agreement.

8.  The Court has jurisdiction over the subject matter of this matter and over all Parties hereto.

9.  Pursuant to Fed. R. Civ. P. 23(b)(3), the following Settlement Classes are certified for purposes of settlement only:

> The "Fitness Service Agreement Class" includes all Individuals who entered into a Fitness Service Agreement in the State of New Jersey with L.A. Fitness during the Class Period of February 28, 2006 through March 31, 2012.
>
> The "Membership Agreement Class" includes all Individuals who (a) entered into a Monthly Dues Membership Agreement in the State of New Jersey with L.A. Fitness during the Class Period of February 28, 2006 through March 31, 2012, and (b) who paid for an additional month of dues (in addition to the application of pre-paid last month dues) *after* L.A. Fitness received a Notice of Cancellation, and (c) the payment of an additional month of dues was not subsequently refunded.
>
> Specifically excluded from the Settlement Classes is any judge or magistrate involved in this matter.

10. The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. Specifically, the Court finds that the Settlement Class satisfies the prerequisites for class certification under Rule 23 in that:

> a.  The members of the above defined classes are so numerous that joinder of all members is impracticable.
>
> b.  There are questions of law and fact common to both Settlement Classes.
>
> c.  The claims of the Class Representative (appointed below) are typical of the claims of the Settlement Classes.
>
> d.  The Class Representative fairly and adequately represents the interests of the Settlement Classes. There are no conflicts of interest between the Class Representative and members of the Settlement Classes.

    e.   Questions of law and fact common to the members of the Settlement Classes predominate over any questions affecting only individual members of the Settlement Classes.

    f.   Certification of the Settlement Classes is superior to other available methods for the fair and efficient adjudication of this controversy.

11.   The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement is fundamentally fair, reasonable, adequate and is in the best interests of the members of the Settlement Classes, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the members of the Settlement Classes.

12.   Pursuant to Fed. R. Civ. P. 23, the Court finds that Plaintiff Sophia Martina fairly and adequately represents and protects the interests of the Settlement Classes and appoints her as Class Representative for both Settlement Classes.

13.   Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the Wolf Law Firm, LLC and specifically, Andrew R. Wolf, Esq., Henry P. Wolfe, Esq., and Daniel I. Rubin, Esq. as Settlement Class Counsel for both Settlement Classes.

14.   The Settlement Agreement provides in part for Defendant to (1) provide members of the Membership Agreement Class with a 45-Day Access Pass, and upon each class member's request deliver a check equal to one-third (1/3) of one month of dues; (2) provide members of the Fitness Service Agreement Class the option to receive either two free individual personal training sessions, or a $100 credit to be applied toward the purchase of a new membership; (3) pay Plaintiff's reasonable counsel fees, costs and expenses and the Class Representative's incentive payment (in addition to resolving her individual claims), as provided by the Court; and (4) pay the costs of administration of the settlement including Notice to the Settlement Classes.

15. The Court approves Gilardi & Co., LLC, 3301 Kerner Blvd., San Rafael, CA 94901 as the Settlement Administrator. The Settlement Administrator shall be responsible for administering the Settlement according to the terms set forth in the Settlement Agreement and as Ordered herein.

16. No later than seven (7) days after the entry of this order, Defendant shall provide a separate electronic list or database of the Class Members for each of the two Settlement Classes to the Settlement Administrator, unless the electronic lists or databases have already been provided. The electronic lists or databases will contain the identifying information for members of both Settlement Classes pursuant to the Settlement Agreement.

17. Within twenty-one (21) days after signing the Settlement Agreement, Defendant shall furnish Class Counsel with the electronic lists or databases of the Class Members for both Settlement Classes, along with a detailed Certification of Due Diligence, certifying in detail how the members of both Settlement Classes were determined, how the lists or databases were prepared, and attesting to the accuracy and completeness of both lists or databases. Defendant will use its best efforts to provide accurate data, which will be relied on by the Settlement Administrator in sending Notice and payments as provided herein.

18. The costs of notice and administering the settlement, including but not limited to formatting and printing the Notices, updating the database and mailing the Notices and, thereafter, providing the settlement benefits to members of the Settlement Classes shall be paid exclusively by Defendant. The provision of any benefits to members of the Settlement Classes shall not reduce or diminish in any way Defendant's obligations to the Settlement Classes as identified in the Settlement Agreement.

19. The Court finds that the electronic and regular mailing and distribution of the Summary Settlement Class Notices attached hereto as **Exhibits A and B**, and the Long Form Notice Class Notices attached hereto as **Exhibits C and D** to be published on the Settlement Website, in the manner set forth herein and in the Settlement Agreement is the best notice practicable under the circumstances, consistent with due process of law, and constitutes due and sufficient notice of this Order and the settlement to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23.

20. The Settlement Administrator shall cause the Summary Notices to be electronically mailed to all members of the Settlement Classes in accordance with the terms of the Settlement Agreement in substantially the same form as **Exhibits A and B**, no later than twenty-one (21) days after the entry of this Order. If Defendant's records do not contain an e-mail address or if an e-mail notice is returned as undeliverable, then the Summary Notice will be sent on a post-card larger enough so that the type is legible via first-class mail to the applicable Class Members. The Settlement Administrator shall format, address, print and email the Summary Notices. Summary Notices that are required to be mailed shall be mailed by first class United States mail, postage prepaid, to the last known address of each Settlement Class member. The Settlement Administrator will update the addresses of those Settlement Class members by means of the National Change of Address Databank (NCOA) maintained by the U.S. Postal Service prior to the initial mailing of the Summary Notice and shall update the addresses by other reasonable methods available to the Administrator after receipt of returned undeliverable mailed Summary Notices, reasonable methods include the use of social security numbers, telephone numbers and databases such as Accurint, Westlaw and other databases.

21. Both the e-mail and regular mail Summary Notices shall include a link to the Settlement Website, which will be www.NJGymSettlement.com, and a toll-free telephone number that Class Members can use to contact the Settlement Administrator for information concerning the Settlement. The Settlement Administrator shall post on the Settlement Website copies of the Summary Notices, the Long-Form Notices, the First Amended Complaint in this Action, this Preliminary Approval Order, the Final Approval Order and Judgment, and the Settlement Agreement. The Settlement Website will also contain instructions on how Class Members can select and obtain their applicable benefits, as well as instructions on how Class Members can Request Exclusion from the Class or file Objections. The Settlement Administrator shall begin operating the Settlement Website within 24 hours after entry of this Preliminary Approval Order, and shall maintain and not take down the Settlement Website until the later of (a) when the last Settlement Check for monetary relief expires, or (b) one year after the initial date set for the Final Approval Hearing or a date otherwise set by the Court. The Settlement Administrator shall also mail copies of the Settlement Agreement, at no charge, to any potential Class Member who requests such information by writing to the Claims Administrator or by calling the Claims Administrator, toll-free.

22. By no later than thirty (30) days prior to the date of the Fairness Hearing, the Settlement Administrator shall file with the Court and provide copies to Class Counsel and Defendant's counsel one or more declarations attesting to compliance with the terms of this Order and the Settlement Agreement.

23. Any member of either Settlement Class may elect to be excluded from the Settlement and from the Settlement Class by opting out of the Settlement Class. Class Members who wish to exclude themselves from the Settlement must mail to the Settlement Administrator a written

statement opting out of the Settlement which must include: (1) the Settlement Class member's name and address, and (2) a statement that the Settlement Class member wishes to be excluded from the Settlement Class in the *Martina v L.A. Fitness* class action settlement. Such notice must be received by the Settlement Administrator no later than 5:00 p.m., Eastern Standard Time, on the date five (5) weeks (thirty-five (35) days) after the Summary Class Notice is emailed or mailed, or the next business day thereafter if that date falls on a weekend or holiday.

24. By no later than thirty (30) days prior to the date of the Fairness Hearing, the Settlement Administrator shall: (a) deliver to Class Counsel and to Defendant's counsel copies of any and all Requests for Exclusion that have been received by the Settlement Administrator and the Settlement Administrator's determinations whether each Request for Exclusion was timely received and (b) notify in writing any Class Member for whom the Settlement Administrator has determined that a Request For Exclusion received from the Class Member was not timely received.

25. All members of the Settlement Classes who do not submit a valid and timely Request for Exclusion excluding themselves from the Classes shall be bound by the terms of the Settlement Agreement and the Final Judgment and all Orders entered by the Court in connection with the Settlement, whether favorable or unfavorable to the Classes. All those who submit valid and timely Requests for Exclusion shall have no rights under the Settlement Agreement and shall not be afforded any of the relief described in the Settlement Agreement. Any member of either Settlement Class who excludes himself or herself from the Settlement Classes cannot formally object to the terms of the settlement.

26.     Class Counsel shall file and serve an application for final approval of the settlement and attorney's fees and expenses by no later than ten (10) days prior to the date of the Fairness Hearing.

27.     The Settlement Administrator shall provide the Notices required by The Class Action Fairness Act (CAFA) (28 U.S.C. §1715) no later than ten (10) days after the entry of this Order.

28.     A Fairness Hearing shall be held before this Court at __10__ a.m. or p.m., on __17 September 2013__ (the day at least 110 days after the entry of this order or sometime that week), in Courtroom 4040 at the United States Courthouse, District of New Jersey, Martin Luther King Courthouse, 50 Walnut Street, Newark, New Jersey on the proposed Settlement including: (a) whether to grant final approval to the Settlement as fair, reasonable, and adequate and issue an Order releasing class members' claims pursuant to the Settlement Agreement and dismissing the Amended Complaint with prejudice; (b) to decide the amount of reasonable attorney's fees and costs to be awarded to Class Counsel; and (c) whether to approve the incentive award to Plaintiff. This hearing may be adjourned from time to time without further or prior notice by oral announcement by the Court or by written order.

29.     Any Member of the Class may appear, in person or through counsel (at their own expense), at the aforementioned Fairness Hearing and be heard in support of or in opposition to the fairness, reasonableness and adequacy of the proposed Settlement, award of counsel fees, reimbursement of costs and expenses, and Class Representative incentive payment, provided, however, no person shall be heard in opposition to the proposed Settlement or the award, and no paper or brief submitted by such person shall be received or considered by the Court unless such person has timely filed with the court a written objection and sent a copy to Class Counsel,

Defendant's Counsel and the Court in the manner described in the Notice and Settlement Agreement.

30. Objections not conforming to the requirements set forth in the Long Form Notices shall be stricken and shall not be considered or heard by this Court. To be effective, a written objection must contain a concise statement of each objection being made; a detailed description of the facts underlying each objection; a detailed description of the legal basis for each objection; a statement of whether the objector intends to appear at the Fairness Hearing; a list of witnesses whom the objector may call by live testimony, oral deposition testimony, or affidavit during the Fairness Hearing; and a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits. All objections must be received by the Court, Class Counsel, and Defendant's counsel by no later than 5:00 p.m., Eastern Standard Time, the date five (5) weeks (thirty-five (35) days) after the Summary Class Notice is emailed or mailed, or the next business day thereafter if that date falls on a weekend or holiday.

31. In the event that the Settlement Agreement is not approved by the Court, or if approval of the Settlement Agreement, including the entry of the Final Approval Order and Judgment, is reversed or modified on appeal (except for the modification of any attorney's fee award), or any one of the conditions precedent set forth in the Settlement Agreement is not met, the Settlement and all related papers including the Motion for Preliminary Approval shall not be used nor be admissible in any subsequent proceedings either in this Court or in any other Court or forum, and shall be automatically dissolved *ab initio* without further order of the Court, and become null and void and of no force and effect, and in such event all *status quo ante* rights of Defendant to, among other things, (i) oppose any subsequent efforts by the Class Plaintiff to certify this action

as a class action, and (ii) all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiff and the Settlement Classes.

**IT IS SO ORDERED.**

Dated: 28 May 2013

_____
HON. WILLIAM H. WALLLS, U.S.D.J.