UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SOPHIA MARTINA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L.A. FITNESS INTERNATIONAL, LLC,<br><br>Defendant. | : : : : : : : : : : : : : : | Civ. No. 2:12-cv-2063 (WHW)<br><br>**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, AWARDING FEES AND COSTS TO CLASS COUNSEL AND GRANTING INCENTIVE AWARD TO PLAINTIFF** |

**Walls, Senior District Judge**

This matter having been presented before the Honorable William H. Walls, U.S.S.J., at a fairness hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to consider Class Counsel's application for an award of attorneys' fees and costs, and to consider the incentive awards to the Plaintiff; and the Plaintiff and Settlement Class members being represented by Class Counsel and Defendant being represented by its attorneys;

And the Court, having read and considered the Settlement Agreement and the parties' other submissions, the Court finds the following:

1. On May 28, 2013, the Court preliminarily approved the Settlement in this action alleging violations of the New Jersey Consumer Fraud Act (CFA), the New Jersey Health Club Services Act (HCSA), and the New Jersey Truth-in-Consumer Contract, Notice, and Warranty Act (TCCWNA), certified two settlement classes for settlement purposes, appointed a Settlement Administrator, approved Plaintiff as Settlement Class Representative, and appointed Andrew R.

1

Wolf, Henry P. Wolfe, and Daniel I. Rubin as Class Counsel. The Settlement Classes were defined as:

> The "Fitness Service Agreement Class" includes all Individuals who entered into a Fitness Service Agreement in the State of New Jersey with L.A. Fitness during the Class Period of February 28, 2006 through March 31, 2012.
>
> The "Membership Agreement Class" includes all Individuals who (a) entered into a Monthly Dues Membership Agreement in the State of New Jersey with L.A. Fitness during the Class Period of February 28, 2006 through March 31, 2012, and (b) who paid for an additional month of dues (in addition to the application of pre-paid last month dues) after L.A. Fitness received a Notice of Cancellation, and (c) the payment of an additional month of dues was not subsequently refunded.

Specifically excluded from the Settlement Classes is any judge or magistrate judge involved in this matter.

2. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, the Settlement Administrator served notices of the proposed Settlement on the appropriate federal and state officials.

3. Pursuant to the Preliminary Approval Order, Notice was sent to members of the Settlement Classes. The Settlement Administrator has reported to the Court that the delivery of Notices was generally successful, there were no objections and there was one timely request for exclusion.

4. The Court has not received any objection to the Settlement.

5. Plaintiff now requests final approval of the Settlement.

6. The Court has considered the Settlement Agreement and other submissions.

Now, for the reasons set forth in the accompanying Opinion and good cause therefor, it is hereby ordered that:

1. The Court has jurisdiction over the subject matter of this matter and over all Parties hereto.

2. The motion for Final Approval of the Settlement is GRANTED and the Parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Order.

3. The Court finds that the Settlement, on the terms and conditions set forth in the Settlement Agreement, is fundamentally fair, reasonable, adequate and is in the best interests of the members of the Settlement Classes, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the members of the Settlement Classes.

4. Plaintiff is hereby approved to receive $11,065.28 in full settlement of her individual claims, plus $3,000.00 as an incentive award for her efforts on behalf of the Classes, to be paid within fifteen (15) days of this order as set forth in the Settlement Agreement.

5. Upon entry of this Order and final approval of the Settlement, Plaintiff and each member of the Membership Agreement Class will release Defendants as follows:

> Upon the Effective Date, and by not electing to be excluded from the Class, the Class Representative and each of the members of the Membership Agreement Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Defendant L.A. Fitness of and from any and all allegations, claims, causes of action, liabilities, damages, demands, rights or equitable, legal or administrative relief, of any basis or source, whether known or unknown, that were, have been or could have been asserted, now, in the past, or in the future, relating to any allegations that the terms of any Monthly Dues Membership Agreement or any fees charged in connection with such agreement violate any laws of the

3

>State of New Jersey, the United States or common law. The Released Membership Agreement Claims include, but are not limited to, any and all claims asserted in this Action based on allegations that the Monthly Dues Membership Agreement violated the Truth-in-Consumer Contract, Notice and Warranty Act, the New Jersey Consumer Fraud Act and the New Jersey Health Club Services Act, as well as any claims relating to: (a) whether L.A. Fitness' practice of charging Class Members prepaid last month's dues or dues via an electronic fund transfer ("EFT") or credit card ("CC") charge after receiving a valid Notice of Cancellation violates any laws of the State of New Jersey, the United States or common law; (b) whether the terms of the Monthly Dues Membership Agreements violate any laws of the State of New Jersey, the United States or common law; (c) whether the contract forms, provisions or language in the Monthly Dues Membership Agreements violate any laws of the State of New Jersey, the United States or common law and (d) whether any of the other L.A. Fitness practices and membership terms identified in the Complaint and First Amended Complaint filed in this Action violate any laws of the State of New Jersey, the United States or common law.

6. Upon entry of this Order and final approval of the Settlement, Plaintiff and each member of the Fitness Service Agreement Class will release Defendants as follows:

>Upon the Effective Date, and by not electing to be excluded from the Class, the Class Representative and each of the members of the Fitness Service Agreement Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Defendant L.A. Fitness of and from all allegations, causes of action, liabilities, damages, demands, rights or equitable, legal or administrative relief, of any basis or source, whether known or unknown, that were, have been or could have been asserted, now, in the past, or in the future, relating to any allegations that the terms of any Fitness Service Agreement or any fees charged in connection with such agreement violate any laws of the State of New Jersey, the United States or common law. The Released Fitness Service Agreement Claims include, but are not limited to, any and all claims asserted in this Action based on allegations that the Fitness Service Agreement violated the Truth-in-Consumer Contract, Notice and Warranty Act, the New Jersey Consumer Fraud Act and the New Jersey Health Club Services Act, as well as any claims relating to: (a) whether the terms of the Fitness Service Agreements violate any laws of the State of New Jersey, the United States or common law; and (b) whether the contract forms, provisions or language in the

>        Fitness Service Agreements violate any laws of the State of New Jersey, the United States or common law.

7. Defendant shall pay Class counsel's fees and costs in the amount of $200,000.00, which payment includes costs and expenses, time already spent and time to be spent attending hearings, and the monitoring of the Settlement. The fees are in addition to the settlement benefits each class member will be receiving and are the sole property of Class counsel, not Plaintiff or the Settlement Classes. The Court finds that this award is fair and reasonable. Pursuant to the Settlement Agreement, this payment shall be made within fifteen (15) days of the date of this Order via check made payable to The Wolf Law Firm, LLC – Attorney Trust Account, which shall be delivered to the office of The Wolf Law Firm, LLC in North Brunswick for the full amount set forth in this Order.

8. Pursuant to the Settlement Agreement, Defendant will provide a check or funds via wire transfer to the Settlement Administrator in the total amount owed to the members of the Membership Agreement Class who requested Settlement Checks within fifteen (15) days of the date of this Order.

9. Pursuant to the Settlement Agreement, the Settlement Administrator shall distribute any such funds which remain uncashed 125 days from the date of mailing to Legal Services of New Jersey, 100 Metroplex Drive, Suite 402, Edison, NJ 08818 with no restrictions on their use. The Settlement Administrator shall distribute these funds directly to Legal Services of New Jersey, not to Class Counsel (as the Settlement Agreement provides).

10. Pursuant to the Settlement Agreement, Defendant will not issue members of either Settlement Class a Form 1099-C, unless directed to do so by the Internal Revenue Service, a State taxing authority, or a court of competent jurisdiction.

11. Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

12. This Action against the Defendant is hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction of the Action and all Parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

Date: October 8, 2013

**s/ William H. Walls**
United States Senior District Judge
